## Barry v. Perkiomen Trunk & Baggage Company

*Joseph Smith*, for plaintiff; *A. Jere Creskoff*, for defendant.

DICKINSON, J., August 17, 1933.—The sale of the property referred to in the petition which is the basis for this motion should be made. In making it, however, we call the attention of the bar to the question of what the proper practice is in such cases. The property in question belongs to the defendant in the bill. The officers of the company could sell it on any acceptable terms except that they are enjoined from intermeddling with the assets of the corporation. If the decree is modified so as to permit them to make the sale, they would have a right to do it. Leave might be granted them on the terms that the proceeds of the sale go to the receiver. The purchaser would doubtless ask that the receiver join in the sale, and he may be given leave to do so by the court. The title given would seem to be unquestionable. A receiver in equity as such has no title to any of the property of the receivership estate. All he has is possession and control. He is without the legal title. In this he is in a different position from that of a trustee in bankruptcy. The act of Congress vests the title in the trustee. Receivers in like manner in some of the States have vested in them title to the receivership property. If it is so given to them by statute they have it, but, as before stated, without this they do not have title but merely possession and control. Practically, the distinction made may not be very much of a difference, but it brings us to the question whether one who is merely a receiver in equity has title to the property under his control. If he hasn't any, it is difficult to understand how he can convey it.